1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11
12
13
14
15
16

DAWUD HALISI MALIK, *f/k/a* DAVID
RIGGINS

        Plaintiff,

   v.

HAROLD CLARKE, *et al.*,

        Defendants.

Case No. C07-5160 RJB/KLS

ORDER RE: SERVICE OF
COMPLAINT

17
18
19
20
21
22
23
24
25
26
27
28

     This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  March 29, 2007, Plaintiff filed a Complaint and paid the filing fee of $350.00 (Receipt # TAC 1863).  (Dkt. # 1).  As Plaintiff is not proceeding *informa pauperis* in this matter, it is his obligation to serve copies of the Summons and Complaint upon each of the named Defendants.

     Plaintiff is directed to Rule 4 of the Federal Rules of Civil Procedure, which sets forth the rules and procedure for service of the Summons and Complaint.

     Pursuant to Rule 4(m), Plaintiff must serve copies of the Summons and Complaint upon each of the named Defendants within 120 days after the filing of the Complaint.  Unless the Plaintiff can show good cause for his failure to serve, the Court shall dismiss the action without prejudice as to

ORDER - 1

1    each defendant not served or shall extend the time for service.  Fed.R.Civ.P. 4(m).

2         Filing and Service by Parties, Generally.  All original documents and papers submitted for

3    consideration by the Court in this case, are to be filed with the Clerk of this Court.  The originals of

4    all such papers shall indicate in the upper right-hand corner the name of the Magistrate Judge to

5    whom the copies are to be delivered.  The papers shall be accompanied by proof that such

6    documents have been served upon counsel for the opposing party (or upon any party acting *pro se*).

7    The proof shall show the day and manner of service and may be written acknowledgment of service,

8    by certificate of a member of the bar of this court, or by affidavit of the person who served the

9    papers.

10         Motions.  Any request for Court action shall be set forth in a motion, properly filed and

11    served.  The motion shall include in its caption (immediately below the title of the motion) a

12    designation of the Friday upon which the motion is to be noted upon the court's calendar.  That date

13    shall be the third Friday following filing of the motion (fourth Friday for Motions for Summary

14    Judgment).  All briefs and affidavits in opposition to any motion shall be filed and served not later

15    than 4:30 p.m. on the Monday immediately preceding the Friday appointed for consideration of the

16    motion.  If a party fails to file and serve timely opposition to a motion, the court may deem any

17    opposition to be without merit.  The party making the motion may file, not later than 4:30 p.m. on

18    the Thursday immediately preceding the Friday designated for consideration of the motion, a

19    response to the opposing party's briefs and affidavits.

20         Motions for Summary Judgment.  If one of the parties files a motion for summary judgment

21    pursuant to Federal Rules of Civil Procedure 56, the opposing party should acquaint him/herself with

22    Rule 56.  Rule 56 requires a nonmoving party to submit affidavits or other evidence in opposition to

23    a motion for summary judgment if the moving party has shown the absence of issues of material fact

24    and an entitlement to judgment as a matter of law.  A nonmoving party may not rest upon the mere

25    allegations or denials of prior pleadings.  Rather, successful opposition to a motion for summary

26    judgment requires the nonmoving party to set forth, through affidavits or other evidence, specific

27    facts showing a genuine issue for trial.  Failure by the nonmoving party to oppose a summary

28    ORDER - 2

1    judgment motion or to present counter evidence could result in the court accepting the moving

2    party's evidence as the truth, and entering final judgment in favor of the moving party without a full

3    trial.  Rand v. Rowland, 113 F.3d 1520 (9th Cir. 1997).

4         Direct Communications with District Judge or Magistrate Judge.  No direct communication is

5    to take place with the District Judge or Magistrate Judge with regard to this case.  All relevant

6    information and papers are to be directed to the Clerk.

7         Clerk's Action.  The Clerk is directed to send a copy of this Order and of the General Order

8    issued by the Magistrate Judges to Plaintiff.  The Clerk is also directed to send to Plaintiff a filled-out

9    summons for each named Defendant.

10

11        DATED this 4th day of April, 2007.

12

13

14                                        _____
                                          Karen L. Strombom
15                                        United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER - 3