UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAWUD HALISI MALIK, f/k/a DAVID RIGGINS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HAROLD CLARKE, *et al.,*<br><br>　　　　　Defendants. | Case No. C07-5160RJB/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR: June 15, 2007** |

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1)(B) and Local MJR 3 and 4. Before the Court is Plaintiff's motion for temporary restraining order and preliminary injunction[1]. (Dkt. # 5). Having carefully reviewed Plaintiff's motion, Defendant Harold Clarke's response (Dkt. # 10), Plaintiff's Reply (Dkt. # 12), and the balance of the record, the undersigned recommends that the Plaintiff's motion be denied.

---

[1] Plaintiff filed a "memorandum of law" in support of a motion for temporary restraining order and preliminary injunction but did not file a motion or note the motion on the Court's calendar. The Clerk noted the memorandum for the Court's consideration on April 20, 2007 and Defendant Clarke timely filed his response.

REPORT AND RECOMMENDATION - 1

## I. DISCUSSION

Plaintiff has filed a civil rights lawsuit under 42 U.S.C. § 1983 naming Harold Clarke, Ron Van Boening, Houston Wimberly, Mark Wesner, Larry Cook and Donald Walston as Defendants. (Dkt. # 1). To date, only Defendant Harold Clarke has filed a notice of appearance. (Dkt. # 9).

Plaintiff is a Washington State prison inmate currently incarcerated by the Department of Corrections (DOC) at the McNeil Island Corrections Center (MICC). Plaintiff claims that his civil rights were violated when he was psychologically tortured and intimidated, his mail was withheld, and he was sanctioned by MICC staff with extra duties for using both his legal and committed names. Plaintiff was committed to the DOC under the name David Washington Riggins.[2] He converted to the Sunni Muslim faith in 1978 and legally changed his name to Dawud Halisi Malik (which is both his legal and religious name). For the next ten years, Plaintiff continued to use the name Riggins, but began using his religious name in 1988.[3]

Plaintiff requests an order prohibiting Defendants from:

(1) infracting Plaintiff for exercising his First Amendment Rights of Freedom of Religion for using his legal name;

(2) punishing Plaintiff with extra duty, cell confinement or other sanctions for using his legal name;

(3) violating the court order entered by the DOC and Plaintiff in 1995[4]; and

---

[2] *Malik v. Brown*, 16 F.3d 330, 331 (9th Cir. 1994).

[3] *Id*. at 331, n. 1.

[4] Plaintiff refers to *Malik v. Brown*, 16 F.3d 330 (9th Cir. 1994), *mandate recalled*, 65 F.3d 148 (9th Cir. 1995), *appeal after remand*, 71 F.3d 724 (9th Cir. 1995). In the first appeal, the Ninth Circuit held that Plaintiff's use of his Muslim name was an expression of his religious faith and that he was entitled to use both his religious and his committed names. On remand, the prison officials appealed the district court's denial of their claim of qualified immunity. The Ninth Circuit denied their appeal (with the exception of the prison notary who refused to notarize a legal document when Plaintiff's signature did not match prison identification.)

REPORT AND RECOMMENDATION - 2

(4) violating Plaintiff's rights to purchase items from Eastbay Athletic SportSource and SaveOn Scent Oil Fragrance Company.

(Dkt. # 5, Attach. 1).

### A. Standard for Prospective Relief

Under the Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA), Plaintiff is not entitled to prospective relief unless the court enters the necessary findings required by the Act:

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

In civil rights cases, injunctions must be granted sparingly and only in clear and plain cases. *Rizzo v. Goode*, 423 U.S. 362, 378 (1976). This holding applies even more strongly in cases involving the administration of state prisons. *Turner v. Safley,* 482 U.S. 78, 85, 107 S. Ct. 2254 (1987). "Prison administration is, moreover, a task that has been committed to the responsibility of those [executive and legislative] branches and separation of powers concerns counsels a policy of judicial restraint. Where a state penal system is involved, federal courts have . . . additional reason to accord deference to the appropriate prison authorities." *Id*.

In order to justify the extraordinary measure of injunctive relief under Federal Rule of Civil Procedure 65, the moving party bears a heavy burden. *Canal Authority of the State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974). A party seeking a preliminary injunction must fulfill one of two standards: the "traditional" or the "alternative." *Johnson v. California State Bd. Of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995); *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). Although two tests are recognized, they are not totally distinct tests. Rather, they are

REPORT AND RECOMMENDATION - 3

"extremes of a single continuum." *Funds for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1400 (9th Cir. 1992).

Under the traditional standard, a court may issue preliminary relief if it finds that: (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. *Cassim*, 824 F.2d at 795. Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. *Id.* at 795. Under either test, Plaintiff fails to carry his burden to obtain preliminary injunctive relief in this case.

## B.     Plaintiff Cannot Show Violation of a Federal Right

At the outset, in order to obtain prospective relief under the PLRA, Plaintiff must show (1) violation of a federal right; (2) that the relief is narrowly drawn and extends no further than necessary to correct the violation; and (3) that the relief uses the least intrusive means necessary to correct the violation. 18 U.S.C. § 3626(a)(1)(A). Because Plaintiff has failed to show that he has suffered the deprivation of a constitutional right, his request for a temporary restraining order must be denied.

Plaintiff claims that he is being denied access to the U.S. Mail at MICC. However, Plaintiff is really complaining that he is being required to list both the name under which he was committed and his legally changed name pursuant to DOC Policy 400.280. (Dkt. # 10, Exh. 1). Plaintiff relies on the Ninth Circuit's opinion in his former litigation for the proposition that he is entitled to the relief he seeks here. However, the Ninth Circuit did not hold that Plaintiff has a constitutional right to list only his legally changed name. In *Malik v. Brown*, 16 F.3d 330, 334 (1994), the Ninth Circuit stated:

REPORT AND RECOMMENDATION - 4

> We agree that the state has a legitimate interest in continued use of an inmate's committed name. But we see no legitimate penological interest in preventing Malik from using both his religious and his committed names.

While there is no doubt that Plaintiff's use of his Muslim name is an expression of his religious faith and that he is entitled to use both his religious and his committed names, Plaintiff's constitutional rights are not violated by requiring him to use his committed name in conjunction with his legally changed name pursuant to DOC Policy 400.280. *Malik*, 16 F.3d at 334. Neither does the Court find that Plaintiff's constitutional rights are being violated by requiring him to use his committed name *first*. (*See, e.g.,* Dkt. # 12, Exh. 1 at 8-10). Accordingly, Plaintiff has not met the first element necessary to obtain prospective relief under the PLRA.

**C.     Plaintiff Has Not Shown That He Will Suffer Irreparable Harm**

Plaintiff complains that he is being denied access to the U.S. Mail and is being improperly denied the ability to purchase shoes and religious materials through the mails. (Dkt. # 10 at 4). However, the undisputed evidence reflects that a DOC Policy requires all inmates to list their committed names along with a legally changed name, when using the United States mail. Thus, Plaintiff cannot show that he will suffer irreparable harm on this basis.

**D.     Plaintiff Has Not Shown That He Is Likely To Succeed On the Merits Of His Case**

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, (2) and his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 975 (1980).

REPORT AND RECOMMENDATION - 5

1    The Ninth Circuit has recognized that the DOC has a legitimate interest in having an inmate
2 identified by his committed name. *Malik*, 16 F.3d at 334. Plaintiff's exhibits demonstrate that he is
3 required to use his legally changed name *in addition to* and not *to the exclusion of* his legally
4 changed name pursuant to DOC Policy 400.280. (Dkt. # 5 at 10, 17). As Plaintiff has not shown
5 that he is likely to succeed on the merits of his claims, this factor also weighs in favor of denial of the
6 injunctive relief he seeks.

**E.     Plaintiff Has Not Shown That the Balance Of Potential Harm Favors The Moving Party**

Defendants argue that Plaintiff's request should be denied because the balance of potential harms and public interest favors Defendants. As noted above, the Ninth Circuit has recognized that the DOC has a legitimate interest in requiring inmates, including Plaintiff, to continue to use their committed names. *Malik*, 16 F.3d at 334. So long as Plaintiff complies with DOC policy, a policy that by all evidence is applied equally to all inmates, he will not suffer harm nor be denied access to the U.S. Mail. Accordingly, as Plaintiff has not shown that the balance of potential harm is in his favor, this factor also weighs in favor of denial of the injunctive relief he seeks.

## II. CONCLUSION

For the foregoing reasons, the undersigned recommends that Plaintiff's motion for preliminary injunction (Dkt. # 5) be **DENIED**. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule

REPORT AND RECOMMENDATION - 6

72(b), the Clerk is directed to set the matter for consideration on **June 15, 2007**, as noted in the caption.

DATED this 11th day of May, 2007.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7