UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAWUD HALISI MALIK, f/k/a DAVID RIGGINS,<br><br>Plaintiff,<br><br>v.<br><br>HAROLD CLARKE, *et al*,<br><br>Defendants. | Case No. C07-5160 RJB/KLS<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

Before the Court is Plaintiff's motion for appointment of counsel, with memorandum of law in support and affidavit. (Dkt. # 33, Attach. 1-2). Having reviewed the motion, Defendants' opposition (Dkt. # 34), and balance of the record, the Court finds, for the reasons stated below, that the motion should be denied.

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

ORDER - 1

1       Plaintiff claims that he is unable to afford counsel, that the issues in this case are complex,
2 that he has limited knowledge of the law, that he is unable to conduct the required investigation
3 because of his imprisonment, that a lawyer is required to conduct cross-examination, and that he is
4 unable to complete all that is required to proceed for trial. (Dtk. # 33).  However, as noted by
5 Defendants, the reasons relied on by Plaintiff are not particular to him, but apply to most *pro se*
6 prisoners.

7       On the other hand, Plaintiff has demonstrated an adequate ability to articulate his claims *pro*
8 *se* in light of the complexity of the issues involved.  Plaintiff has filed numerous pleadings and cites
9 to case law, court rules, legislative acts. (Dtk. # 1-2).  Plaintiff clearly sets forth his allegations that
10 his civil rights were violated when he was allegedly psychologically tortured and intimidated.
11 While Plaintiff may not have vast resources or legal training, he meets the threshold for a pro se
12 litigant.  In addition, Plaintiff has not shown that there is a likelihood of success on the merits.

13       Accordingly, the Court finds that counsel is not necessary in this case and Plaintiff's motion
14 to appoint counsel (Dkt. # 33) is **DENIED**.  The Clerk is directed to send copies of this Order to
15 Plaintiff.

17       DATED this  17th  day of September, 2007.

                                       Karen L. Strombom
                                       United States Magistrate Judge

28 ORDER - 2