UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAWUD HALISI MALIK, f/k/a DAVID RIGGINS,<br><br>    Plaintiff,<br><br>    v.<br><br>HAROLD CLARKE, *et al.*,<br><br>    Defendants. | Case No. C07-5160 RJB/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**October 19, 2007** |

Plaintiff Dawud Halisi Malik, f/k/a David Riggins filed a *pro se* civil rights lawsuit under 42 U.S.C. § 1983 naming Harold Clarke, Ron Van Boening, Houston Wimberly, Mark Wesner, Larry Cook and Donald Walston as Defendants. Plaintiff alleges, *inter alia*, that Defendants violated his civil rights when they refused to process his mail because he asserted his right to use both his committed name and his legal name. Presently before the Court is Defendants' motion to dismiss. (Dkt. # 29). Defendants argue that this Court lacks subject matter jurisdiction because Plaintiff's claims are based on purported violations of a settlement agreement and Plaintiff's remedy, if any, lies in a Washington state court. (*Id.*) Plaintiff has filed his response. (Dkt. # 30)  Defendants have filed their reply. (Dkt. # 31). Having carefully reviewed the parties' submissions and the balance of the record, the Court recommends that the motion should be denied.

REPORT AND RECOMMENDATION - 1

## I. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure addresses the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Plaintiff bears the burden of establishing subject matter jurisdiction. *United States ex rel. Barajas v. Northrop Corp.*, 5 F.3d 407, 409 n. 5 (9th Cir. 1993), *cert. denied*, 511 U.S. 1033 (1994). Federal courts are courts of limited jurisdiction possessing only the power authorized by the United States Constitution and statute. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994).

When considering a motion to dismiss pursuant to Rule 12(b)(1), a court is not restricted to the bare pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction. *See McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *Thornhill Pub. Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

## II. DISCUSSION

**A.     Plaintiff's Allegations**

Plaintiff alleges that Defendants have refused to process his mail, denying him the right to purchase certain items in furtherance of his religious practice, because he exercised the right to use his legal name. (Dkt. # 1, pp 3-4). Plaintiff alleges that Defendants' actions are in violation of the Order entered in *Malik v. Brown*, 71 F.3d 724 (9th Cir. 1995). (*Id.*, p. 6). Plaintiff further alleges that Defendants' conduct violated the Eighth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments. (*Id*. pp. 5-6). Plaintiff requests that the Court order the Defendants to address and recognize the Plaintiff's right to use his legal name. (*Id*.)

**B.     Defendants' Motion to Dismiss**

Defendants argue that Plaintiff's claims are an attempt to enforce the terms of a settlement agreement, the express terms of which provide that Plaintiff's remedies lie in a court in the state of Washington. (Dkt. # 29, p. 3). Defendants argue that, although Plaintiff now claims that "the

REPORT AND RECOMMENDATION - 2

breach of contract is secondary to the violation" of his rights, his previous allegations centered on and arise out of alleged violations of the settlement agreement. In support, Defendants point to Plaintiff's response to the Report and Recommendation denying Plaintiff's motion for temporary restraining order and preliminary injunction, where Plaintiff argued that "Defendants continue to violate the settlement agreement;" "Plaintiff would prevail on the merits of his case because "Defendants are in violation of the settlement agreement;" that the "terms of the settlement agreement are explicit and straightforward;" and, that "Defendants' failure to abide by the terms of the settlement agreement is a breach of contract and that any action for breach would lie in the proper court of the State of Washington." (*Id*., pp. 1, 4-6).[1]

**C.   Plaintiff's Prior Litigation and Settlement Agreement**

In *Malik v. Brown*, No. C90-1366C, Plaintiff alleged that prison officials violated his statutory and constitutional rights by refusing to process mail and documents in which he used his religious name. He claimed he was subjected to disciplinary action for using his religious name in addition to his committed name. The district court granted summary judgment in favor of the defendant prison officials and Plaintiff appealed. *Malik v. Brown*, 16 F.3d 330, 331 (1994).

The Ninth Circuit reversed the District Court's grant of summary judgment in favor of the prison officials, when it held Plaintiff's use of his Muslim name was an expression of his religious faith and that he was entitled to use both his religious and his committed names. *Id*. The Court also held that there were genuine issues of material fact which precluded summary judgment as to whether prison officials violated Plaintiff's right to use both his religious and committed names on

---

[1] Defendants state that Plaintiff attached a copy of the Settlement Agreement to his objections. However, Plaintiff sent a copy of the Settlement Agreement with his letter to the Court Clerk on June 28, 2007, in response to the Assistant Attorney General's letter to the Court Clerk regarding mailings to Plaintiff and the use of Plaintiff's committed name. (*See* Dkt. # 17 and 23).

REPORT AND RECOMMENDATION - 3

correspondence and whether they improperly disciplined him. *Id.*

In *Malik v. Brown*, 71 F.3d 724 (9th Cir. 1995), the Ninth Circuit also held that the prison officials should not be accorded qualified immunity. *Id.* at 730.

Subsequently, in September 1996, the parties in *Malik v. Brown*, No. C90-1366C, entered into a settlement agreement. The parties agreed, in pertinent part:

1. Defendants agreed to retype Plaintiff's identification badge to include his legal name;

2. Defendants agreed to place copies of the settlement agreement and the Ninth Circuit decisions in Plaintiff's central file and any questions by any Department employee regarding Plaintiff's out-going or in-coming correspondence or the additional name on his name badge could be referred to the central file and the settlement agreement;

3. Plaintiff agreed to include both his religious name and committed name[2] on all correspondence and documents he signs while incarcerated;

4. Defendants agreed to expunge copies of infraction materials in Plaintiff's file;

5. Defendants agreed to pay to Plaintiff and his counsel $1,200.00 and $5,000.00, respectively; and

6. Should there be an alleged violation of this Settlement Agreement, the parties agree that such an action would constitute breach of contract and an action for breach of contract would lie in the proper court of the state of Washington.

Defendants now argue that because Plaintiff's claims "centers" around the settlement agreement and because Plaintiff uses Defendants' breach of the settlement agreement as evidence

---

[2]The Court notes that the parties' agreement did not require the Plaintiff to sign his names in any particular order. The Ninth Circuit held that Plaintiff is entitled to use both his religious and his committed names on correspondence, on legal documents, and in his daily affairs. *Malik*, 16 F.3d at 334. This Court has found that Plaintiff's constitutional rights are not being violated by requiring him to use his committed name *first*. (Dkt. # 13 citing *e.g.,* Dkt. # 12, Exh. 1 at 8-10).

REPORT AND RECOMMENDATION - 4

of their violation of his Constitutional rights, this action must necessarily be limited to enforcement of the terms of the settlement agreement.  The Court disagrees.

Plaintiff alleges that Defendants are refusing to process his mail in violation of his Constitutional rights because he asserts his right to use both his names.  (Dkt. # 1, p. 6). Plaintiff's right to use both his religious and committed names was established by the courts, not by agreement of the parties.  *See, Malik*, 16 F.3d at 334 (Plaintiff is entitled to use both his religious and his committed names on correspondence, on legal documents, and in his daily affairs.)  The settlement agreement between the parties followed the Ninth Circuit's adjudication of Plaintiff's right to use both his names.  (See Dkt. # 23).   The only disputed issues that remained following the Ninth Circuit's adjudication of Plaintiff's right to use both his names (and the issue of qualified immunity) involved resolving whether prison officials violated that right and whether they had improperly disciplined Plaintiff. *Malik*, supra; *Malik*, 71 F.3d 724.

In addition, Plaintiff alleges in his complaint that Defendants' actions are in violation of the Order entered in *Malik*, 71 F.3d 724.  (Dkt. # 1, p. 6).  A fair reading of Plaintiff's complaint is that Plaintiff seeks to hold Defendants accountable for what they are legally required to do, not what they are contractually required to do.

## III. CONCLUSION

For the foregoing reasons, the Court recommends that the Defendants' motion to dismiss (Dkt. # 29) be **DENIED.**  A proposed order accompanies this Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule

REPORT AND RECOMMENDATION - 5

1  72(b), the clerk is directed to set the matter for consideration on **October 19, 2007**, as noted in the

2  caption.

3        DATED this  1st   day of October, 2007.

                                                        Karen L. Strombom
                                                        United States Magistrate Judge

REPORT AND RECOMMENDATION - 6