UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAWUD HALISI MALIK, f/k/a
DAVID RIGGINS,

    Plaintiff,

v.

HAROLD CLARKE, *et al.*,

    Defendants.

Case No. C07-5160 RJB/KLS

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

Before the Court is Plaintiff's motion to compel answers to interrogatories and request for production of documents. (Dkt # 44). The Court has reviewed Plaintiff's motion and Defendants' response (Dkt. # 47), and finds that the motion should be denied.

## I. DISCUSSION

Plaintiff moves the Court for an order compelling Defendants to respond to interrogatories and a request for production of documents sent on August 18, 2007. (Dkt. # 44, Affidavit in Support, p. 1). Plaintiff states that defense counsel objection to the discovery on the grounds that a motion to stay was pending is improper because the motion to stay was never filed. *Id.*, p. 2.

This is incorrect. Defendants filed a motion to stay (Dtk. # 32), Plaintiff opposed the motion (Dkt. # 35), Defendants filed a reply (Dkt. # 36), and the Court entered an order granting the stay on September 13, 2007. (Dkt. # 38). The motion to dismiss was denied on October 19, 2007 (Dkt. # 40), and the stay on discovery was lifted by operation of law with entry of that Order.

ORDER  1

Defendants provide the following additional information. On April 25, 2007, prior to Defendants' Answer being due, defense counsel received Plaintiff's First Requests for Documents and Requests for Admission. (Dkt. # 47, Exh. 1). On May 14, 2007, defense counsel objected that Plaintiff's discovery was directed to Defendants collectively (there are six named Defendants in this action: Harold Clarke, Ron Van Boening, Houston Wimberly, Mark Wesner, Larry Cook and Donald Walston), and requested that Plaintiff direct individualized requests to specific defendants. *Id*., Attach. A. On May 24, 2007, Defendants mailed their objections and responses to Plaintiff. *Id*., Exh. 1, ¶ 4.

On May 25, 2007, counsel again wrote to Plaintiff requesting that he direct individualized Requests for Admissions to the specific defendants. *Id*., Exh. 1, Attach. B. On June 13, 2007, defense counsel received Plaintiff's Revised Requests for Admissions directed to individual defendants as requested and on July 12, 2007, Defendants' responses were mailed to Plaintiff. Id., *Exh*. 1, ¶¶ 6-7.

On August 22, 2007, counsel for Defendants received Plaintiff's First Set of Interrogatories and Request for Production of Documents. *Id*., Exh. 1, ¶ 8. Defendants again responded with an objection because Plaintiff had propounded his interrogatories to all the defendants collectively and requested that Plaintiff direct individualized interrogatories to a specific defendant(s). Counsel also advised that Defendants would not be responding to discovery until the motion to stay discovery (filed on August 15, 2007 (Dkt. # 32) was resolved. *Id*., Exh. 1, Attach. C.

**B.      Defendant's Objections Were Proper**

Fed. R. Civ. P. 33(a) provides, "any party may serve upon any other party written interrogatories . . . to be answered by the party served . . . ". Plaintiff's interrogatories were directed to all the defendants and not to a specific party. As noted by Defendants, parties must

ORDER  2

provide "true, explicit, responsive, complete, and candid answers to interrogatories." *Hansel v. Shell Oil Corp.,* 169 F.R.D. 303, 305 (E.D.Pa.1996). Rule 33(b)(1) requires an interrogatory to be answered "fully in writing under oath ...." Fed. R. Civ. P. 33(b)(1).  Fed. R. Civ. P. 33(b)(2) requires individual defendants to sign their answers to interrogatories verifying their truthfulness. Defense counsel requested that Plaintiff direct his interrogatories to individual defendants so that each might accurately respond and verify his answers, a request with which Plaintiff had already complied with respect to the requests for admissions.

In addition, and contrary to Plaintiff's assertions, Defendants' objection to responding to the discovery pending this Court's resolution of the motion to stay discovery was not inappropriate. Plaintiff declares in his Affidavit that counsel never filed a motion to stay discovery, yet Plaintiff submitted a brief in opposition to that motion to this Court dated August 18, 2007, four days prior to submitting the disputed interrogatories to Defendants.  (Dkt. # 35).

For the foregoing reasons, Plaintiff's motion to compel shall be denied.  Plaintiff must direct his interrogatories to the individual defendants so that they may accurately respond and verify their answers as contemplated by Rule 33 of the Federal Rules.  In addition, the Court expects that the parties will in good faith confer or attempt to confer to complete their discovery efforts prior to seeking future court intervention.

Accordingly, it is **ORDERED** that Plaintiff's motion to compel (Dkt. # 44) is **DENIED**; and the Clerk is directed to send a copy of this Order to the parties.

DATED this   6th   day of February, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER  3