UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAWUD HALISI MALIK f/k/a DAVID RIGGINS,

    Plaintiff,

    v.

HAROLD CLARKE, *et al.*,

    Defendants.

Case No. C07-5160 RJB/KLS

ORDER RE-REFERRING IN PART AND ADOPTING IN PART REPORT AND RECOMMENDATION

    This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge Karen L. Strombom. Dkt. 52. The Court has considered the Report and Recommendation (Dkt. 52), Defendants' Objections to the Report and Recommendation (Dkt. 53), Plaintiff's Objections to the Report and Recommendation (Dkt. 55), and the file herein.

## I. PROCEDURAL HISTORY

    Plaintiff filed this case on March 29, 2007, pursuant to 42 U.S.C. § 1983. Dkt. 1. Plaintiff seeks damages in addition to declaratory and injunctive relief based on allegations that Defendants violated his constitutionally protected rights under the First, Fifth, Eighth and Fourteenth Amendments and that Defendants breached a contract in violation of state law. *Id*. Plaintiff's allegations are generally based on the State Department of Corrections' ("DOC") policy that, on any mail he receives or sends, he must first use his name at the time he was committed to prison (David

ORDER - 1

Riggins) followed by his name as legally changed (Dawud Halisi Malik) after he was in DOC custody. *See id.*

On April 4, 2007, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction. Dkt. 5. On May 14, 2007, Judge Strombom issued a Report and Recommendation that recommended that Plaintiff's motion be denied. Dkt. 13. In that Report and Recommendation, Judge Strombom stated:

> While there is no doubt that Plaintiff's use of his Muslim name is an expression of his religious faith and that he is entitled to use both his religious and committed names, Plaintiff's constitutional rights are not violated by requiring him to use his committed name in conjunction with his legally changed name pursuant to [Department of Correction] Policy 400.280. [*Malik v. Brown*, 16 F.3d 330, at 334 (9th Cir. 1994)]. Neither does the Court find that Plaintiff's constitutional rights are being violated by requiring him to use his committed name *first*.

Dkt. 13 at 5 (emphasis in original). This Court adopted that Report and Recommendation and denied Plaintiff's motion for a preliminary injunction. Dkt. 28.

On October 19, 2007, Defendants filed a Motion for Summary Judgment. Dkt. 41. On March 19, 2008, Judge Strombom issued a second Report and Recommendation that recommended that the Court should grant Defendants' motion and dismiss Plaintiff's complaint. Dkt. 52.

On March 27, 2008, Defendants filed objections to the Report and Recommendation on summary judgment. Dkt. 53. Defendants do not contest Judge Strombom's ultimate conclusion that Plaintiff's complaint should be dismissed, but they do raise the following objections:

1) the Magistrate Judge erred in finding that the [Department of Corrections] Policy 400.280 does not serve a legitimate penological interest insofar as it relates to mail;

2) the Magistrate Judge erred in addressing allegations not made in the Complaint; and

3) the Magistrate Judge erred by failing to make a ruling in regard to Plaintiff's request for injunctive relief.

*See* Dkt. 53.

On March 27, 2008, Plaintiff filed a Motion for Extension of Time to File Objections to the

ORDER - 2

1  Report and Recommendation. Dkt. 54. On April 4, 2008, Plaintiff filed objections to the Report and
2  Recommendation on summary judgment. Dkt. 55. Plaintiff objects on the grounds that:
3      1)    there exists material issues of fact precluding summary judgment; and
4      2)    Defendants are not entitled to summary judgment based on the defense of qualified
5          immunity.
6  *See* Dkt. 55. Plaintiff's motion for an extension of time is now moot.

## II. FACTS

9  The specific facts related to each of Plaintiff's claims are detailed in the Report and
10  Recommendation and shall not be repeated here. Dkt. 52.

## III. DISCUSSION

13  The Court concurs with Judge Strombom's analysis of Plaintiff's First Amendment Free
14  Exercise of Religion claim, Plaintiff's Religious Land Use and Institutionalized Persons Act claim,
15  Plaintiff's Eight Amendment claim, Plaintiff's Due Process and Equal Protection claim, and Plaintiff's
16  State Law claims. Plaintiff objects to Judge Strombom's analysis of these claims on the grounds that
17  there are triable issue of fact present. However, as Judge Strombom correctly concluded, taking all
18  of the facts in the light most favorable to Plaintiff, Defendants are entitled to judgment as a matter of
19  law on those issues.
20  The Court should adopt the Report and Recommendation as to those claims and, therefore,
21  the Court should grant Defendants' Motion for Summary Judgment dismissing those claims.

**A.    Plaintiff's Freedom of Speech Claim**

24  Plaintiff alleges that Defendants violated his First Amendment freedom of speech rights
25  when they withheld his mail and refused to process his mail if he did not use his committed name

ORDER - 3

first. (Dkt. # 1, p. 4; Dkt. # 2, p. 6; Dkt. # 43, p. 2). Plaintiff also contends that Defendant Van Boening was directly and personally involved when he responded to Plaintiff's letter of March 16, 2007 with "threats of punishment," for non-compliance with DOC's mail policy. (Dkt. # 12, Exh. S, p. 8).

Prisoners have a First Amendment right to send and receive mail. *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995)(per curiam). Any infringement on prisoners' constitutional rights must be reasonably related to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89 (1987). This relaxed standard "is necessary if 'prison administrators . . . , and not the courts, are to make the difficult judgments concerning institutional operations.'" *Id.* (quoting *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 128 (1977)).

In *Turner*, the Court identified four factors that are relevant in determining the reasonableness of prison policies: (1) whether there is a valid, rational connection between the prison policy and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the right; (3) the impact that accommodation of the constitutional right will have on guards, on other inmates, or on the allocation of prison resources; and (4) whether the regulation or policy is an "exaggerated response" to prison concerns. *Turner,* 482 U.S. at 89-90.

Courts are to accord great deference to prison officials' assessments of their legitimate penological interests. *See Walker v. Summer*, 917 F.2d 382, 385 (9th Cir. 1990) . Prison officials need merely 'put forward' a legitimate government interest, *id.*(quoting *Turner*, 482 U.S. at 89), and provide some evidence that the interest put forward is the actual reason for the regulation. *See Swift v. Lewis*, 901 F.2d 730, 732 (9th Cir. 1990); *see also, Allen v. Toombs*, 827 F.2d 563, 567 (9th Cir. 1987) (citing *Turner*, 482 U.S. at 89-91).

With regard to mail, Department of Correction ("DOC") Policy 400.280 in effect February 25, 2002 to February 12, 2007, provided that:

A. An offender who obtains an order changing his/her name must use the name

ORDER - 4

under which s/he was committed to the Department during all *official communications* and in all matters relating to the offender's incarceration or community supervision, including outgoing and incoming mail. The offender may add the *legally changed name* after the *committed name* using an AKA designation for the *legally changed name*.

(Dkt. # 51, Exh. 1) (emphasis in original).

DOC Policy 400.280 in effect after February 12, 2007, provides in relevant part:

A. An offender who obtains an order changing his/her name must use the name under which s/he was committed to the Department for:

\* \* \*

   3. Use of the United States mail.

B. The offender may add the legally changed name *after* the committed name using an AKA designation for the legally changed name.

(Dkt. # 10, Exh. 1, Attach. A) [emphasis added]

Judge Strombom found that "Defendants have put forth no evidence that DOC Policy 400.280 is reasonably related to a legitimate penological interest." SJ R&R at 15. That is correct. In their objection to the Report and Recommendation, Defendants do not cite to any such evidence in the record. *See* Dkt. 53. In failing to provide such evidence, Defendants apparently relied on Judge Strombom's conclusion in the preliminary injunction Report and Recommendation that "the Court [does not] find that Plaintiff's constitutional rights are being violated by requiring him to use his committed name *first*." *Id*. at 2-3; *see also* Dkt. 41 (Motion for Summary Judgment). In fact, Defendants state that "[i]f this Court determines that an analysis under *Turner* is appropriate, Defendants would ask this Court for an opportunity to submit additional briefing and support for DOC Policy 400.280." Dkt. 53 at 3.

Defendants have placed significant reliance on Judge Strombom's conclusion that Plaintiff's constitutional rights were not being violated in the context of the preliminary injunction analysis (Dkt. 13). *See above*. A preliminary injunction, however, is not a ruling on the merits of Plaintiff's

ORDER - 5

1  claims but addresses the likelihood of success on the merits of those claims. *See Funds for Animals,*
2  *Inc. v. Lujan*, 962 F.2d 1391, 1400 (9th Cir. 1992).

3        It is undisputed that Plaintiff has a constitutional right to send and receive mail while being
4  incarcerated. *Witherow*, 52 F.3d at 265. Plaintiff also has a constitutional right to use his legally
5  changed name in conjunction with his committed name in correspondence. *Malik*, 16 F.3d at 334. If
6  DOC Policy 400.280 interferes with either of those rights, then, in the first step of a *Turner* analysis,
7  Defendants may advance a legitimate penological interest in an effort to uphold that restriction of
8  constitutional rights. The record has not been properly developed in that manner. Therefore, the
9  Court should re-refer this matter for further development of the record and a subsequent *Turner*
10 analysis of DOC Policy 400.280.

12 **B.      Plaintiff's Complaint**

13       Defendant Van Boening argues that Judge Strombom erred in addressing allegations against
14 him that were not included in Plaintiff's complaint. Dkt. 53 at 4. While the court may liberally
15 construe a *pro se* plaintiff's complaint, it cannot supply an essential fact that the plaintiff has failed to
16 plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of*
17 *Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Plaintiff alleged that "[t]he actions of
18 defendants Wimberly, defendant Wesner, defendant Cook, and defendant Walston, denied plaintiff
19 Freedom of Speech and Religion in violation of plaintiff's First Amendment Constitutional rights to
20 the United States Constitution." Dkt. 1 at 9. Judge Strombom concluded that "Plaintiff also
21 contends that Defendant Van Boening was directly and personally involved when he responded to
22 Plaintiff's letter of March 16, 2007 with 'threats of punishment,' for non-compliance with DOC's
23 mail policy. (Dkt. # 12, Exh. s, p. 8 (CM/ECF page numbering))." SJ R&R at 13. The parties
24 should have an opportunity to fully address this issue on re-referral.

25       Therefore, the Court should not address this issue in this order.

26 ORDER - 6

**C. Qualified Immunity**

Defendants argue that "[Judge Strombom] erred in failing to address Plaintiff's request for injunctive and declaratory relief." Dkt. 53 at 4. The doctrine of qualified immunity protects "government officials performing discretionary functions ... from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgetrald*, 457 U.S. 800, 818 (1982). Qualified immunity does not, however, bar actions for declaratory or injunctive relief. *Presbyterian Church (U.S.A.) v. United States*, 870 F.2d 518, 527 (9th Cir.1989)(citing *Harlow*, 457 U.S. at 806).

The Court should dismiss all but one of Plaintiff's claims for relief. *See above*. Whether declaratory or injunctive relief is appropriate based on Plaintiff's remaining claim should be addressed on re-referral. Therefore, the Court should not address this issue in this order.

### IV.  ORDER

Therefore, it is hereby **ORDERED** that:

(1) The matter is **RE-REFERRED** for further proceedings on Plaintiff's claim for violation of his First Amendment right to Freedom of Speech;

(2) The Court **ADOPTS** the Report and Recommendation as to the remainder of Plaintiff's claims for relief. Accordingly, Defendant's motion for summary judgment (Dkt. # 41) is **GRANTED** as to all claims except Plaintiff's First Amendment Freedom of Speech claim;

(3) Plaintiff's motion for an extension of time (Dkt. 54) is **STRICKEN**; and

(4) The Clerk is directed to send copies of this Order to Plaintiff, counsel for Defendants and to the Hon. Karen L. Strombom.

DATED this 15th day of April, 2008.

ROBERT J. BRYAN
United States District Judge

ORDER - 7