UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAWUD HALISI MALIK, f/k/a DAVID RIGGINS,<br><br>    Plaintiff,<br><br>    v.<br><br>HAROLD CLARKE, *et al*,<br><br>    Defendants. | Case No. C07-5160 RJB/KLS<br><br>ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL |

Before the Court is Plaintiff's second motion for appointment of counsel, with memorandum of law in support and affidavit. (Dkt. # 62, Attach. 1-2). Having reviewed the motion, Defendants' opposition (Dkt. # 64), and balance of the record, the Court finds, for the reasons stated below, that the motion should be denied.

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

ORDER - 1

1 | Plaintiff claims that he is unable to afford counsel, that the issues in this case are complex, that he has limited knowledge of the law, that he is unable to conduct the required investigation because of his imprisonment, that a lawyer is required to conduct cross-examination, and that he is unable to complete all that is required to proceed for trial. (Dtk. # 62). However, the reasons relied on by Plaintiff are not particular to him, but apply to most *pro se* prisoners. In addition, the issues that remain in the case are now limited to whether DOC Policy 400.280 serves a legitimate penological interest relating to mail, whether Defendant Van Boening was personally involved in violating free speech and whether declaratory or injunctive relief is appropriate. *See* Dkt. # 56.

In addition, Plaintiff has demonstrated an adequate ability to articulate his claims *pro se* in light of the complexity of the issues involved. Plaintiff has successfully litigated his case for the past year. Plaintiff's previous request for counsel was denied. (Dkt. # 33). Plaintiff has presented no changed factual or legal circumstances to warrant the appointment of counsel.

Accordingly, the Court finds that counsel is not necessary and Plaintiff's motion to appoint counsel (Dkt. # 62) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

DATED this  25th  day of July, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2