UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAWUD HSLISI MALIK, f/k/a DAVID RIGGINS,

    Plaintiff,

v.

HAROLD CLARKE, *et al.*,

    Defendants.

Case No. C07-5160 RJB/KLS

ORDER DENYING MOTION TO AMEND COMPLAINT

Before the Court is Plaintiff's motion to amend his complaint. Dkt. # 72. Defendants oppose the motion on the grounds that permitting amendment at this late date in the litigation is futile and would unduly prejudice them. The Court agrees with Defendants, and for the reasons stated herein, finds that the motion should be denied.

## I. BACKGROUND

Plaintiff filed his original complaint on March 27, 2007. Dkt. # 1. The Court's initial Pretrial Scheduling Order anticipated that discovery would be completed by October 26, 2007 and dispositive motions would be filed by November 30, 2007. Dkt. # 19. The Court ruled on Defendants' motion for summary judgment on April 15, 2008. Dkt. # 56. In the Order re-referring the case in part, the Court granted Defendants' motion for summary judgment on Plaintiff's Fifth, Eighth and Fourteenth Amendment and state law breach of contract claims. *Id*. The matter was re-referred for further proceedings on Plaintiff's claim for violation of his First Amendment right to Freedom of Speech. *Id*., p. 7.

On May 7, 2008, the Court entered a Revised Pretrial Scheduling Order, setting a new

ORDER - 1

1 discovery deadline of August 8, 2008 and dispositive motions deadline of October 10, 2008. Dkt. # 59. The Court granted a joint motion to extend the discovery deadline to October 7, 2008 and dispositive motions deadline to November 10, 2008. Dkt. # 68.

Defendants filed their motion for summary judgment on Plaintiff's First Amendment Freedom of Speech Claim on November 7, 2008. Dkt. # 70.

**II. DISCUSSION**

Leave to amend "shall be freely given when justice so requires," and "this policy is to be applied with extreme liberality." Fed.R.Civ.P. 15(a); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). After a responsive pleading has been filed, "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Martinez v. Newport Beach City*, 125 F.3d 777, 786 (9th Cir. 1997).

A proposed amendment that necessitates reopening discovery or that creates the need for further discovery causes undue prejudice to the opposing party. *Lockhead Martin Corp. v. Networth Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Although the amendment rules are liberal, they do not require that courts indulge in futile gestures. *Deloach v. Woodley*, 405 F.2d 496, 497 (5th Cir. 1968). If a proposed amendment could not withstand a motion to dismiss, a court is justified in denying a motion to amend the pleadings made pursuant to Rule 15(a). *Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646 (9th Cir. 1984); *Glick v. Koenig*, 766 F.2d 265 (7th Cir. 1985).

The Court finds that Plaintiff's motion to amend his complaint should be denied as untimely, prejudicial and futile.

This case was filed almost two years ago and since that time, discovery was conducted and the Court issued rulings on dispositive motions. On April 15, 2008, the Court re-referred this case for additional discovery and decision on Plaintiff's First Amendment claim only. Dkt. # 56. At

ORDER - 2

that time, new deadlines were put in place, including a dispositive motions deadline. Dkt. # 59. That deadline was extended by the Court at the joint urging of the parties. Dkt. # 66. However, Plaintiff waited until November 25, 2008 to file his motion to amend. Dkt. # 72.

Plaintiff's proposed amendment alleges a state law breach of contract claim asserting that Defendants' actions violated his rights under a settlement agreement entered into in 1996. Dkt. # 79, pp. 8-9. He states that he had to await answers to discovery before bringing such a claim. Dkt. # 79, pp. 3-4[1]. However, Plaintiff also states that he knew as early as April 3, 2007 that he was expected to adhere to the retroactive DOC policy. *Id.*, p. 4. In October 2007, the Court recommended denial of Defendants' motion to dismiss on the grounds that Plaintiff's lawsuit was based on allegations of violations of his constitutional rights, not contractual rights. Dkt. # 39.

In July 2007, Defendants moved to dismiss Plaintiff's complaint, arguing that the Court lacked subject matter jurisdiction because Plaintiff's claims are based on violations of the settlement agreement reached between the parties after *Malik v. Brown*, 16 F.3d 330 (9th Cir. 1994) (Malik I), *mandate recalled*, 65 F.3d 148 (9th Cir. 1995) (Malik II), *appeal after remand*, 71 F.3d 724 (9th Cir. 1995) (Malik III), relief for which lies solely in state court. *Id*. In defending the motion to dismiss, Plaintiff argued that the settlement agreement was "secondary" to the violation of his federal rights. Thus, Plaintiff was aware of the nature and lack of sufficiency of any state contractual claim well over one year ago.

In addition, Defendants were granted summary judgment on Plaintiff's state law contractual claim in April 2008 because he failed to assert or factually allege the violation of any state laws in his complaint. Dkt. # 56.

Defendants also argue that Plaintiff's proposed amendment to add the Department of

---

[1]Plaintiff also states that he filed a motion to compel on October 8, 2008. Plaintiff filed a "Response to Defendant's Motion of Failure to Produce Documents Requested." Dkt. # 69. However, the documents was not filed as a motion, was not noted on the Court's calendar, and contained no proof that it was served on defense counsel. *Id*.

ORDER - 3

Corrections as a defendant is futile at least to the extent that Plaintiff seeks damages against the Department of Corrections (DOC) as the Eleventh Amendment bars suits for damages against the state in federal court. The Eleventh Amendment to the United States Constitution bars citizens from bringing lawsuits against states in federal courts. *See Welch v. Texas Dep't of Highways and Pub. Transp.*, 483 U.S. 468, 472-73 (1987) (plurality opinion); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Eleventh Amendment immunity extends to state agencies such as DOC.

In any event, the addition of the DOC as a new party will require the reopening of discovery, thus delaying these proceedings unnecessarily at this late stage of the proceedings. *See*, *Lockhead Martin Corp. v. Network Solutions Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (a need to reopen discovery and delay in proceedings supports finding that amendment would prejudice opposing party).

The dispositive motion deadline of November 10, 2008, a date which the parties chose and which Defendants have met in a timely manner, has now passed. Plaintiff has been on notice for over a year that the Court was dismissing his state law contractual claim for failure to assert or factually allege the violation of any state laws in his complaint. Permitting an amendment which brings in an additional party at this late date after the Court has engaged in substantive rulings and after the parties have engaged in discovery and motions practice will unduly delay this case and impose an unfair burden on Defendants.

### III. CONCLUSION

Accordingly, Plaintiff's motion to amend his Complaint (Dkt. # 72) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff and to counsel for Defendants.

DATED this 7th day of January, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER - 4